I disagree with the majority's conclusion that the trial court committed reversible error in denying the appellant's motion to have the grand jury proceedings recorded.
With respect to the testimony of the coroner, the indictment contained in the record reflects that the coroner did not testify before the grand jury; the only witness listed on the indictment is the police investigator. Therefore, even if, as the majority holds, the trial court erred in denying the appellant's motion to have the coroner's testimony during the grand jury proceedings recorded, that error was not reversible; it was, at most, harmless.
Moreover, although the focus of the appellant's argument on appeal appears to be on the coroner, to the extent he is also arguing that the grand jury testimony of the investigator should have been recorded, I disagree with the majority's conclusion *Page 366 
that the appellant "established that there was a genuine concern that there could be inconsistencies between the grand jury testimony and the trial testimony of the . . . investigator." At the hearing on the appellant's motion to have the grand jury proceedings recorded, the appellant's sole argument regarding the investigator was that he had lied during his testimony at the preliminary hearing. According to the appellant's counsel, the investigator testified at the preliminary hearing that he had gone to the scene of the crime and searched it with a metal detector in an attempt to find shell casings, but was unable to find any. Counsel asserted that she, too, had gone to the crime scene, and that because the grass at the scene was between three and five feet tall, she believed "there was no way" the investigator could have used a metal detector. (R. 29.) Counsel argued that because the investigator had testified falsely at the preliminary hearing, she believed he may do so again before the grand jury and that, therefore, the appellant was entitled to have the grand jury proceedings recorded for possible impeachment at trial.
Counsel's basis for requesting that the investigator's grand jury testimony be recorded was based on an assumption, unsupported by anything other than counsel's bare allegations, that the investigator testified falsely at the preliminary hearing. A transcript of the preliminary hearing is not contained in the record on appeal; therefore, I do not know what the investigator's testimony was or what questions were asked of the investigator. However, even taking counsel's factual allegations regarding the investigator's testimony at the preliminary hearing as true, the record does not support the assumption that the investigator testified falsely. Assuming, as the appellant argued, that the investigator testified at the preliminary hearing that he had used a metal detector, but did not testify regarding the length of the grass, this does not indicate false testimony; rather, it suggests only that the investigator was not asked about the length of the grass. The bare assertion of appellant's counsel, based only on her own personal belief, that because of the height of the grass, the investigator could not have used a metal detector does not establish, in my view, "a genuine concern" regarding possible inconsistencies in the investigator's testimony.
I also note that the record reflects that the investigator testified at trial that he had gone to the crime scene the day after the crime and had used both dogs and a metal detector in an attempt to find shell casings. He stated that the grass was "real high" and that it was difficult to conduct the search. (R. 164.) The investigator's testimony at the preliminary hearing was entirely consistent with his testimony at trial, and nothing in the record suggests that the investigator's testimony before the grand jury was any different. Under these circumstances, even if the trial court erred in denying the appellant's motion to have the grand jury proceedings recorded, any error was harmless.
Because I see no reversible error in the trial court's denying the appellant's motion to record the grand jury proceedings, I respectfully dissent.
McMILLAN, P.J., concurs. *Page 367